# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
|  | : |  |
| MARVIN M. NARCISSE, | : |  |
| *Plaintiff*, | : | No. 3:16-cv-1301 (JAM) |
|  | : |  |
| v. | : |  |
|  | : |  |
| SCOTT SEMPLE, *et al.*, | : |  |
| *Defendants.* | : |  |

## ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Plaintiff Marvin M. Narcisse is confined at the Whiting Forensic Division of the Connecticut Valley Hospital. *See Narcisse v. Dalphine*, 2016 WL 6963024, at *1 (D. Conn. 2016) (describing circumstances leading to plaintiff's involuntary hospitalization). He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983, alleging that his treating physicians did not warn him about the negative effects of Risperdal, one of his prescribed psychiatric medications. After an initial review, the Court concludes that the complaint should be dismissed for three reasons: (1) plaintiff's failure to identify any personal involvement in the alleged constitutional violations by any of the three named defendants in this action; (2) plaintiff's failure to allege facts that would plausibly support a claim of malicious or deliberate indifference to his serious medical needs (as distinct from simple negligence); and (3) plaintiff's failure to allege facts that occurred within the limitations period for bringing his claim.

### BACKGROUND

Plaintiff names three defendants: Scott Semple, Commissioner of the Department of Correction; Meriam D. Rittman, Commissioner of the Department of Mental Health and

Addiction Services; and Daniel Wartenberg, the CEO of the Bridgeport Mental Health Center.

Doc. #1 at 3–4. The complaint has four paragraphs setting forth the following allegations:

> *Statement of claim*
>
> *All the facility's that prescribed me Risperdal are liable for my many side effects.*
>
> *1) The doctors are at fault by not warning me about the side effects of Risperdal that's malpractice.*
>
> *2) Negligence is also a factor on the facilities of hiring doctors that are in competent of following there code of ethics by not giving me my constitutional right to choose if I want to take Risperdal with the knowledge of all those side effects.*
>
> *3) I suffer from disfigurement, due to the on safe levels of prolactin that me grow large breast*
>
> *4) Mental distress being a man living with extremely large breast ruined my body for life, my confidence is non-existence I go in deep depression continuously*

Doc. #1 at 7.

Attached to the complaint are numerous medical records concerning plaintiff's diagnosis and treatment for gynecomastia—a medical condition involving the swelling of breast tissue, allegedly caused by plaintiff's taking of Risperdal. According to one of the records attached to the complaint, "[p]atient indicates that he first developed this disorder [gynecomastia] after taking Risperdal in 2010." *Id.* at 19.

## DISCUSSION

A district court must dismiss an *in forma pauperis* action if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff was found not guilty by reason of mental disease or defect and was subsequently civilly

committed. Accordingly, he is not necessarily a "prisoner" within the definition of 28 U.S.C. § 1915A, and his complaint is not subject to the screening requirements under § 1915A. *See* 28 U.S.C. § 1915A(c). Nevertheless, his complaint remains subject to 28 U.S.C. § 1915(e)(2)(B), which governs all proceedings *in forma pauperis.*. In determining whether a case is subject to dismissal, it is well-established that "*pro se* complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff brings this case under 42 U.S.C. § 1983, which creates a federal cause of action against any person who, under color of state law, deprives a citizen or a person within the jurisdiction of the United States of any right, privilege, or immunity secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. Although plaintiff names three administrative officials as defendants, he does not name any doctor or other medical personnel who was alleged to be involved with the prescription or administration to him of Risperdal. The complaint states nothing about any of the named defendants' personal involvement, and defendants' names do not appear in the medical reports he attached to his complaint. Doc. #1 at 7–21.

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013); *see also Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014) (noting that "liability for supervisory government officials cannot be premised on a theory of *respondeat superior* because § 1983 requires individual, personalized liability on the part of each

government defendant"). Accordingly, for this reason alone—plaintiff's failure to name as a defendant any state official who was personally involved with the alleged violation of plaintiff's constitutional rights—I will dismiss the complaint.

Even assuming that the complaint named proper defendants, the allegations of wrongdoing fall well short of alleging a constitutional violation. Plaintiff states that he brings this case for violation of his Eighth Amendment rights. To state a claim for deliberate indifference to a serious medical need plaintiff must show not only that his medical need was serious but also that the defendants acted with sufficiently culpable states of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). If a plaintiff does not allege that a defendant acted purposefully or maliciously to harm him, then a plaintiff must at the least allege that a defendant has acted with deliberate indifference—that is, with awareness that plaintiff would suffer serious harm as a result of the defendant's actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 262, 279–80 (2d Cir. 2006). Allegations of ordinary medical malpractice or negligence do not allege deliberate indifference of a constitutional magnitude and do not suffice to allege a cognizable claim for a violation of the Eighth Amendment. *Ibid.*

Here, the complaint explicitly alleges negligence and medical malpractice. The complaint does not allege facts to show malice or deliberate indifference. Indeed, the many medical records that plaintiff chose to append to his complaint do not suggest that medical personnel were indifferent or insensitive to plaintiff's needs; to the contrary, the records show that medical personnel were actively engaged in the diagnosis of and evaluation of plaintiff's condition. To the extent that plaintiff faults medical personnel for failing to advise him about the side effects of

Risperdal, "[i]nadvertent failures to impart medical information cannot form the basis of a constitutional violation." *Pabon v. Wright*, 459 F.3d 241, 250 (2d Cir. 2006) (affirming judgment for defendants on prisoner plaintiff's claim that he did not receive sufficient information to make an informed decision about medical treatment).[1]

Lastly, even assuming that plaintiff named appropriate defendants and alleged more than mere negligence, it appears that plaintiff's claim is time-barred. The limitations period for filing a section 1983 action in Connecticut is three years. *See Walker v. Jastremski*, 430 F.3d 560, 562 (2d Cir. 2005). Under federal law, a cause of action accrues—and the statute of limitations begins to run—when a plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. *See Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002).

Plaintiff has not alleged any dates for the defendants' wrongdoing. According to plaintiff's medical record submissions, he "first developed this disorder [gynecomastia] after taking Risperdal in 2010." *Id.* at 19. Far more than three years elapsed from 2010 to when plaintiff filed this complaint in 2016. Nor has plaintiff alleged any facts that would appear to warrant equitable tolling of the limitations period.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court shall close this case.

---

[1] The complaint may be understood to raise a due process claim in addition to the Eighth Amendment claim insofar as it refers to plaintiff's "constitutional right to choose" whether to take Risperdal. *See Pabon*, 459 F.3d at 249–50. Even so, plaintiff would need to show deliberate indifference and more than a "simple lack of due care" to

This order of dismissal is without prejudice. In the event that plaintiff wishes to file an amended complaint and if he can allege the names of any defendants who were personally involved with his treatment with Risperdal and allege facts that occurred within the 3-year limitations period that show that such defendants acted with malice or deliberate indifference to his rights, then he may file a motion to reopen this case along with a copy of an amended complaint within 30 days by January 12, 2017.

It is so ordered.

Dated at New Haven this 12th day of December 2016.

/s/*Jeffrey Alker Meyer*_____
Jeffrey Alker Meyer
United States District Judge

---

state a due process claim under the Fourteenth Amendment. *Ibid.*